**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| H&R BLOCK FINANCIAL ADVISORS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO: 8:06-cv-290-T-24TBM |
| | : | |
| DAOUD J. GEORGIS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

**AND NOW**, this 22nd day of February, 2006, upon consideration of the Complaint and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) and other submissions in support thereof, and having determined that:

1. Under Rule 10335 of the National Association of Securities Dealers Code of Arbitration Procedure, H&R Block Financial Advisors, Inc. ("HRBFA") has the express right to seek temporary and preliminary injunctive relief from a court of competent jurisdiction pending an arbitration hearing before a full panel of duly-appointed arbitrators;

2. The rights of Plaintiff with respect to its property, proprietary and confidential information, competitive interests, and contracts with Defendant are being and will continue to be violated by Defendant unless Defendant is restrained therefrom;

3. Plaintiff will suffer irreparable harm and loss if Defendant is permitted to (a) convert Plaintiff's property to Defendant's own personal use and benefit, and to the benefit of Defendant's new employer, Oppenheimer & Co., Inc. ("Oppenheimer"), and (b) solicit and contact HRBFA clients to do business with Defendant at Oppenheimer;

4. Plaintiff has no adequate remedy at law; and

5. Greater injury will be inflicted upon Plaintiff by the denial of temporary injunctive relief than would be inflicted upon Defendant by the granting of such relief, and the public interest will be served by the issuance of injunctive relief.

**IT IS HEREBY ORDERED AND DECREED THAT:**

1. Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 2) is **GRANTED** and is effective as of 5:00 p.m. this 22nd day of February, 2006. Plaintiff shall post security with the Clerk of this Court in the amount of $25,000.00 no later than 24th day of February, 2006.

2. A Temporary Restraining Order be issued immediately, enjoining Defendant, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant's new employer, Oppenheimer, until hearing and thereafter until further Order of this Court, from:

(a) soliciting any business from, or initiating any further contact or communication with, any client of HRBFA whom Defendant served or whose name became known to Defendant while in the employ of HRBFA (the "Clients"), including for the purpose of advising any clients of his new affiliation or for the purpose of inviting, encouraging, or requesting the transfer of any accounts from HRBFA (excluding members of Defendant's immediate family); and

(b) using, disclosing, or transmitting for any purpose, including the solicitation or contacting of Clients, the information contained in the records of HRBFA, including but not limited to, the names, addresses, and financial information of the Clients;

(c) destroying, erasing or otherwise making unavailable for further proceedings in this matter, or in any arbitration proceeding between the parties, any records or documents (including data or information maintained in computer media) in Defendant's

possession or control which were obtained from or contain information derived from any HRBFA records, which pertain to the Clients, or which relate to any of the events alleged in the Complaint in this action;

3. Defendant, and anyone acting in concert or participation with him, including Defendant's counsel and any agent, employee, officer or representative of Defendant's current employer, Oppenheimer, are further ordered to return to Plaintiff's counsel any and all records or information pertaining to Plaintiff's customers, whether in original, copied, computerized, handwritten or any other form, and purge any such information from his or its possession, custody, or control, within 24 hours of notice to Defendant or his counsel of the terms of this Order provided, however, that any information so purged shall be printed and saved to a Compact Disk or similarly accessible and readable recording device prior to purging and be returned to Plaintiff pursuant to this paragraph and consistent with paragraph (2) (c) above.

4. In accordance with Rule 65(b), F.R.Civ.P., this Order shall remain in full force and effect until 5:00 p.m. March 6, 2006, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a Rule 10335 hearing before the NASD.

5. The parties are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court.

6. Pending a preliminary injunction hearing before this Court, and pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed toward an expedited arbitration hearing on the merits before a duly appointed panel of arbitrators in accordance with Rule 10335(g) of the National Association of Securities Dealers Code of Arbitration Procedure.

7. A hearing on Plaintiff's Motion for Preliminary Injunction (Doc. No. 2) shall be

held on **Monday, March 6, 2006 at 3:00 p.m.** before the undersigned in Courtroom 14A of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Ave, Tampa, Florida 33602;

      8.      Plaintiff is directed to obtain immediate service of process on Defendant. In addition to the summons and complaint, Plaintiff must also serve all motions, briefs, affidavits, and exhibits submitted to the Court, as well as such additional affidavits or other papers upon which it will rely in seeking to convert the temporary restraining order into a preliminary injunction.

      9.      Defendant shall file a response to Plaintiff's motion for preliminary injunction on or before **5:00 p.m., Friday, March 3, 2006,** with courtesy copies being furnished contemporaneously to the Court's chambers.

      DONE AND ORDERED at Tampa, Florida this 22nd day of February, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

4